UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH PRACH,

    Plaintiff,

                                                                                   Case No. 09-13756

v.

                                                                                   Honorable Patrick J. Duggan

HOLLYWOOD SUPERMARKET, INC.,

    Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 5, 2010.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Joseph Prach ("Plaintiff") filed this action on September 22, 2009, alleging that Hollywood Supermarket, Inc. ("Defendant") discriminated against him on the basis of religion, in violation of his rights under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Defendant filed a Motion for Summary Judgment on April 30, 2010, and Plaintiff responded on June 2, 2010. The Court heard oral argument on the matter, and granted Defendant's Motion in an Opinion and Order dated August 27, 2010. Before the Court is Plaintiff's Motion for Reconsideration, filed on September 10, 2010, pursuant to Federal Rule of Civil Procedure 59(e) and Eastern District of Michigan Local Rule 7.1(h).

A motion to alter a judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Eastern District of Michigan Local Rule 7.1(h)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.*

Plaintiff asserts that the Court misapplied the law in concluding that accommodation of Plaintiff's religious beliefs would result in undue hardship. Plaintiff claims that Title VII requires employers to attempt to reasonably accommodate employees' religious beliefs, relying on *EEOC v. Arlington Transit Mix, Inc.*, 957 F.2d 219 (6th Cir. 1991). *Arlington*, however, did not involve a collective bargaining agreement, leaving the employer with greater flexibility in scheduling employees' shifts. Employers are not required to accommodate where the proposed accommodations violate a collective bargaining agreement. *See Virts v. Consol. Freightways Corp.*, 285 F.3d 508, 519 (6th Cir. 2002). Defendant has established that its collective bargaining agreement prevented it from scheduling Saturdays off for Plaintiff. Plaintiff contends that this is speculation, but the employer need not actually experience the hardship for it to be recognized. *Id.*

Plaintiff argues that no undue hardship would result because his prior employer, Farmer Jack, accommodated his religious practices for eight years at the same store. This assertion is irrelevant, because the reasonableness of an accommodation is generally

2

determined on a case-by-case basis according to the facts as they existed at the time of the plaintiff's employment. *Cooper v. Oak Rubber Co.*, 15 F.3d 1375, 1378-80 (6th Cir. 1994). Defendant established that it could not reasonably accommodate Plaintiff's scheduling request because of the recent firing of another employee, Joe Hollewa. This is all that Title VII requires.

Plaintiff contends that Defendant could have transferred another employee to his department, alleviating any scheduling constraints. An employer, however, need not incur more than a *de minimis* cost to accommodate an employee's religious beliefs. *Virts*, 285 F.3d at 516. Adding another employee to Plaintiff's department would increase Defendant's costs considerably, and Title VII imposes no such obligation.

Plaintiff has raised essentially the same arguments he relied upon in opposing summary judgment, but this Court finds no error in its conclusions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Beth M. Rivers, Esq.
Kevin M. Carlson, Esq.
Andrew T. Baran, Esq.